UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAERSK LINE,<br><br>          Plaintiff,<br><br>    v.<br><br>MAXWELL SCRAP CORP.,<br><br>          Defendant(s).<br>_____/ | No. C-09-2058 EMC<br><br>**ORDER RE SUPPLEMENTAL BRIEFING AND/OR EVIDENCE**<br><br>**(Docket No. 8)** |

        Plaintiff Maersk Line has filed a motion for default judgment against Defendant Maxwell Scrap Corp. Having reviewed the papers submitted by Maersk, the Court hereby orders that Maersk provide supplemental information in support of its motion as discussed below.

A.    <u>Jurisdiction</u>

        In support of its motion for default judgment, Maersk has provided copies of certain bills of lading. *See* Johnson Decl., Exs. A-B. The bills provide, *inter alia*, that either the United States District Court of the Southern District of New York or the English High Court of Justice (in London) shall have jurisdiction over disputes regarding the bills. The Court orders Maersk to explain why it is appropriate for this Court to have jurisdiction over the instant case and why this provision should not be enforced.

B.    <u>Claims for Which Default Judgment Sought</u>

        In its complaint, Maersk has alleged numerous causes of action, including a claim for money due under a tariff and a claim for breach of contract. The motion for default judgment does not clearly specify on which claims Maersk seeks recovery.

1    The Court therefore orders Maersk to identify each claim for which it seeks a default
2 judgment.  To the extent Maersk seeks a default judgment on the claim for money due under a tariff
3 pursuant to the Shipping Act of 1984,[1] then it must establish that it has stated a claim on which it
4 may recover.  *See Philip Morris U.S.A. Inc. v. Castworld Prods.*, 219 F.R.D. 494, 499 (C.D. Cal.
5 2003) (noting that, in determining whether a default judgment is appropriate, a court must consider
6 whether the plaintiff has stated a claim on which it may recover).  It is not obvious to the Court that
7 the Shipping Act provides for a private right of action.  *See, e.g.*, *Port Auth. of N.Y. & N.J. v. Maher
8 Terminals, LLC*, No. 08-2334 (DRD), 2008 U.S. Dist. LEXIS 54522, at *8 (D.N.J. June 3, 2008)
9 (noting that "no provision of the Shipping Act of 1984 provides a federal cause of action for
10 violations of the Act").

11    To the extent Maersk seeks a default judgment on the claim for breach of contract, then it
12 must specify whether the claim being brought is a state law claim for breach of contract or a federal
13 common law claim for breach of contract.  *Cf. Norfolk Southern Ry. v. James N. Kirby, Pty Ltd.*, 543
14 U.S. 14, 23 (2004) ("This suit was properly brought in diversity, but it could also be sustained under
15 the admiralty jurisdiction by virtue of the maritime contracts involved.  Indeed, for federal common
16 law to apply in these circumstances, this suit must also be sustainable under the admiralty
17 jurisdiction.") (emphasis omitted).  If the claim being brought is a state law claim for breach of
18 contract, then Maersk should also specify whether there is jurisdiction over the claim pursuant to
19 diversity jurisdiction or supplemental jurisdiction.

20 C.    Damages

21    In its motion for default judgment, Maersk claims that it is owed $10,454.66.  *See* Johnson
22 Decl. ¶ 3.  Maersk should explain how it arrived at this figure based on the bills of lading provided.
23    The Court notes that the bills of lading show amounts owed both in U.S. dollars and Chinese
24 yuan.  If Maersk has made any currency conversions, then it should provide those calculations.
25    Another concern for the Court is whether Maersk is seeking payment on any "prepaid"
26 amounts.  *Cf. Oak Harbor Freight Lines, Inc. v. Sears Roebuck & Co.*, 513 F.3d 949, 954 (9th Cir.

---

[1] In its complaint, Maersk refers to the Shipping Act as 46 U.S.C. § 1701.  However, § 1701 was revised in 2006 and the Shipping Act is now found in § 40101 *et seq.*

1  2008) (noting that, "'when the prepaid provision on the bill of lading has been marked and the
2  consignee has already paid its bill to the consignor, the consignee is not liable to the carrier for
3  payment of the freight charges'"). If so, then Maersk should address why it is appropriate to hold
4  Maxwell, as the consignee, liable for these amounts.

5  D.  <u>Prejudgment Interest</u>

6  In its motion for default judgment, Maersk asks for prejudgment interest as provided for by
7  California law. California law, however, would only seem to be applicable to state law claims.
8  Maersk should clarify whether it is seeking a default judgment on any of the state law claims
9  asserted in the complaint; alternatively, it should explain why state law rather than federal law
10 should govern the issue of prejudgment interest.

11 **Maersk shall file with the Court, *and* serve on Maxwell, the supplemental briefing**
12 **and/or evidence no later than September 9, 2009. In addition, Maersk shall serve on Maxwell**
13 **a copy of this order within three days of the date of this order. For each service, Maxwell file a**
14 **proof of service with the Court.**

16 IT IS SO ORDERED.

18 Dated: August 26, 2009

_____
EDWARD M. CHEN
United States Magistrate Judge

3